Turley, J.
delivered the opinion of the court.
This is a bill of complaint filed against Newton White and others, by William E.' Swanson, a judgment creditor of John W. Bodenhamer, to have certain deeds of trust, made by said Bodenhamer for the benefit of Newton White and others, executed, and the balance of the proceeds, after paying what is legally due the several cesiuis que trust, appropriated to the payment of his judgment.
White alone appeals from the decision of the Chancellor; and the question presented by the record as to him, is, whether there was usury in the transaction out of which arose the liability for which the deed of trust from Bodenhamer for his benefit was executed. The proof shows, that Bodenhamer was much embarrassed with debt; that he applied to White to borrow money; that White informed him that he could not lend him money, but that he would in a short time have some Tennessee State bonds which he would let him have, if they would answer his purpose. Afterwards, White procured two bonds of the State for one thousand dollars each, which he let Bodenhamer have for the sum of two thousand one hundred dollars, it being an advance of one hundred dollars upon the nominal value of the bonds, and took the deed of trust which forms the subject matter of this controversy, to secure the payment of that amount of consideration.
The proof also shows very satisfactorily, that at the time White let Bodenhamer have the notes he knew that he procured them with the view of raising money on them in the market for the payment of .his debts; that he knew who they were in all probability to be sold to, viz, Ballentine & Goff, they having offered $1262, the best price that could be had for them, and this by them in pai;t consideration that an account of Bodenhamer should be settled as a part payment. The proof abundantly shows also, that six hundred dollars each was as much as the bonds were worth at the time in the money market, being about three fifths of their nominal value, and that this fact was well known to defendant White at the time he let Bodenhamer have them.
*378 Now, was this a usurious transaction between White and Bodenhamer? We are well satisfied that it was. All attempts to evade the usury laws are watched by the courts with anxious jealousy, and promptly put down. Such attempts as the present are of no new origin; they have been resorted to again and again, in England and the United States, and no doubt in every other country where usury is forbid: our lawbooks are full of such cases ariéing out of them; and they have been universally held to be usurious, no matter what kind of property has been given instead of money, if the design of the parties at the time was that money was to be obtained upon it: indeed, vain would be our usury laws if such were not the case. I will not lend you money: oh no, I cannot legally charge more than six per cent, for money, but I can charge what I please for any property: here is a negro that you can readily sell for six hundred dollars; I know a man that will give that price for him: you give me a thousand dollars and you may have him. What is this but taking a thousand dollars for the loan and forbearance of six hundred? Indeed it is the worst and most dangerous of all attempts at usury, because generally the most-difficult of detection.
The present case is one of great oppression. Tennessee State bonds are sold for the known and express -purpose of raising money on them; it is well known to both parties that they are at an actual discount of two fifths of their nominal value; and yet they are sold at a premium of one hundred dollars, an advance of nine hundred, upon what, it was well known to both, would only yield about twelve, seventy-five per cent; the most extortionate transaction that has yet been before us, though we have had many of the kind in the last three or four years.
The law provides, that not more than six per cent, shall be reserved, directly or indirectly, and applies to this case and avoids the contract, so far as there is usury in it.
The decree of the Chancellor is therefore affirmed.